```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

ALLIED VAN LINES, INC., a Delaware
corporation,

               Plaintiff,

vs.                                    Case No.  2:05-cv-112-FtM-29DNF

GULF SHORES MOVING & STORAGE, INC.,
NADINE PFEIFFER, WARREN C. PFEIFFER,
REBECCA P. DAFFRON,

               Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #3), originally filed on December 6, 2004, in the Northern District of Illinois.  Plaintiff filed a Response in Opposition (Doc. #7) and defendants filed a Reply (Doc. #8).  On February 23, 2005, District Judge Matthew F. Kennelly entered a Memorandum Opinion and Order (Doc. #10; 2005 WL 418032) denying the Motion to Dismiss for lack of personal jurisdiction but granting a request to transfer venue to the Middle District of Florida.  The issue of an alleged failure to state a claim remains pending before the undersigned.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them

in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiffs' claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

**II.**

The facts set forth in the Complaint are accurately summarized by Judge Kennelly's Memorandum Opinion and Order, which the Court

adopts. The four-count Complaint (Doc. #1) alleges two counts of breach of contract and non-payment of agent statement against Gulf Shores (Counts I and IV); one count of conversion against all defendants (Count II); and one count of breach of the guaranty by defendant Nadine Pfeiffer (Count III). The only counts addressed in the Motion to Dismiss are the conversion count and the breach of guaranty count.

### III.

Defendants argue that Count II (Conversion) is deficient as to defendants Warren C. Pfeiffer and Rebecca Daffron because there are no allegations of actionable conduct by these defendants in their personal capacity. While the conversion count names Warren C. Pfeiffer, Nadine Pfeiffer, and Rebecca Daffron as defendants (as well as Gulf Shores), there are no factual allegations as to any of these individual defendants which would state a cause of action for conversion under Illinois law. <u>IOS Capital, Inc. v. Phoenix. Printing, Inc.</u>, 348 Ill. App. 3d 366, 808 N.E. 2d 606 (Ill. App. 4 Dist. 2004). While the federal notice pleading is liberal, it is not without limits, e.g., <u>Dura Pharmaceuticals, Inc. V. Broudo</u>, 125 S.Ct. 1627, 1634 (2005), and this count contains insufficient allegations to state a claim of conversion against the individual defendants. The motion to dismiss Count II will be granted.

As to Count III, defendants argue that the claim against Nadine Pfeiffer must fail because the guarantee refers to an

expired contract and not the contract which is the basis of the Complaint.  The Court agrees with plaintiff that the Contract on its face seems to establish that the Guaranty is of continuing validity, and that in any event at this stage of the proceedings the Court must construe factual controversies in the light most favorable to plaintiff.  The motion to dismiss Count III will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #3) is **GRANTED** as to defendants Warren C. Pfeiffer, Nadine Pfeiffer, and Rebecca P. Daffron on Count II, and **DENIED** as to Nadine Pfeiffer as to Count III.

2. Count II is **dismissed** without prejudice as to defendants Warren C. Pfeiffer, Nadine Pfeiffer, and Rebecca P. Daffron.

3. Plaintiff is granted leave to file an amended complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order if it wishes to pursue the conversion count and believes a cause of action may be properly plead.  If so, the amended complaint shall comply with the pleading rules in the Eleventh Circuit, including the rule which prohibits incorporating all prior paragraphs into each succeeding count.  E.g. <u>Strategic Income Fund, L.L.C. v.</u>

<u>Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295-96 (11th Cir. 2002).

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of May, 2005.

                                         /s/ John E. Steele
                                         JOHN E. STEELE
                                         United States District Judge

Copies:
Counsel of record